UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
FILICORI NYC LLC

        Plaintiff,                CHAPTER 11

        v.                        Case No: 16-12749

ESPRESSO DREAM LLC

                                    Adv. Proc. No.:

        Defendant.
---------------------------------------------------x

## COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE

Plaintiff, FILICORI NYC LLC, (hereinafter "Plaintiff") by its attorneys, LEO SHALIT, PC, and and ROSENBERG, MUSSO & WEINER, LLP (as co-counsel) complaining of the Defendant, respectfully alleges as follows:

    1. This is an adversary proceeding brought for the turnover of certain property, furniture and business equipment which belong to the Plaintiff but is currently in possession of the Defendant Debtor (hereinafter "Debtor").

    2. The rights to said property is being disputed by Debtor.

    3. Upon information and belief, Debtor believes that said property is owned by Debtor and is thus part of Debtor's estate and subject to sale.

    4. Debtor has previously filed a voluntary Chapter 11 Bankruptcy Petition currently pending in the Southern District of New York under Case No. 16-12749 and has recently elected to proceed with the sale of its assets.

    5. This Court has jurisdiction of this action under 28 U.S.C. 1334, and this action constitutes a core proceeding pursuant to U.S.C. 157(b)(2)(A), (E) and (O). In the event, this

proceedings deemed non-core, Plaintiff consents to entry of final orders and judgment by the Bankruptcy Judge.

6. Debtor is the leaseholder for the premises having an address of 2541 Broadway, Ground Floor, New York, New York 10025 (hereinafter "subject location"). Said lease provides for the operation of a coffee shop at the subject location.

7. From the very beginning of the lease, Debtor entered into an arrangement with Plaintiff, who operated the coffee shop at the subject location.

8. As part of this arrangement, Plaintiff, *inter alia,* purchased all of the business equipment, fixtures and furniture to the subject location as well as paid for the necessary construction to commence operations.

9. As part of this arrangement, title to the business equipment, fixtures and furniture was to remain with Plaintiff.

10. Plaintiff alleges that said business equipment, fixtures and furniture is its property and is not part of the Debtor's estate.

11. By reason of the foregoing, the subject property is not property of the Debtor's estate and should be turned over to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court grant a judgment for the following:

a) Declaring that the subject property, equipment and furniture is not part of the Debtor's estate

b) Enjoining Debtor from selling the subject property, equipment and furniture as part of any future asset sale

c) Ordering that Defendant turn over the subject property, equipment and furniture to the Plaintiff

d) Granting Plaintiff such other and further relief as the Court deems just, proper and equitable.

Dated: Queens, New York
October 27, 2016

_____/s/_____
Leo Shalit, PC by Leo Shalit, Esq.
Rosenberg, Musso & Weiner, LLP (co-counsel)
99-08B 37 Avenue
Corona, New York 11368